**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SAMUEL PRABIR, on behalf of himself and
others similarly situated,

       Plaintiff,

  v.

       No. 17-cv-3704

BUKHARA INDIAN CUISINE, INC. d/b/a
INDIGO INDIAN BISTRO, BASERA INDIAN
CUISINE, INC. d/b/a BASERA RESTAURANT,
ANIL KUMAR and RENU KUMAR,

       Defendants.


**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER AND TO COMPEL DISCOVERY OF DEFENDANTS' ASSETS**


JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum, Esq.
Lucas C. Buzzard, Esq.
32 Broadway, Suite 601
New York, New York 10004
(212) 688-5640

*Attorneys for Plaintiffs*

Named Plaintiff Samuel Prabir and Opt-In Plaintiffs Mustafa Bhuiyan and Sydur Rashid submit this memorandum of law in support of their motion for (1) a Temporary Restraining Order prohibiting the transfer of any of Defendants' assets while this Court considers the Report & Recommendation ("R&R") of Magistrate Judge Pitman issued earlier this afternoon on May 17, 2017; and (2) leave to conduct immediate discovery geared at locating the assets of Defendants.

## I. PROCEDURAL HISTORY

This lawsuit, which was initiated in May 2017, arises from Defendants' failure to pay the Plaintiff and Opt-in Plaintiffs gratuities and overtime wages as required by the FLSA and the NYLL, failure to pay "spread of hours" wages as required by the NYLL, and failure to provide proper wage notices and wage statements as required by the NYLL.  *See* ECF No. 1 (Compl.).  In February 2018, Plaintiffs moved for an order of prejudgment attachment against the assets of Defendants Basera Indian Cuisine, Inc., Bukhara Indian Cuisine, Inc., Anil Kumar, and Renu Kumar.  *See* ECF No. 45.  To prevail on that motion, Plaintiffs were required to demonstrate, *inter alia*, that (1) it is "probable that [they] will succeed on the merits" of their claims, and (2) that Defendants, "with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts".  *See* ECF No. 49 (Pl.'s Mem. in Support of Attachment) at 4-5 (citing N.Y.C.P.L.R §§ 6201(3), 6212(a)).  This Court referred Plaintiffs' motion to Magistrate Judge Pitman for a report and recommendation.  *See* ECF No. 50.

On May 17, 2017, Magistrate Judge Pitman issued his Report & Recommendation ("R&R").  *See* ECF No. 84 (R&R).  Judge Pitman recommended that this Court grant Plaintiffs' motion for an order of prejudgment attachment of Defendants' assets in the amount of $515,819.00.  *See* R&R at 30.  Judge Pitman concluded, based on Plaintiffs' documentary evidence

and the testimony provided at an April 16, 2018 evidentiary hearing, that: (1) Defendants have acted with "intent to encumber or dispose of their assets to avoid paying plaintiffs any damages" in this matter, *id.* at 17-18, and (2) Plaintiffs have demonstrated sufficient likelihood of success on the merits for an order of attachment to issue, *see id.* at 30.  Defendants now have 14 days to object to Judge Pitman's R&R.  *See id.* at 31-32.

## II.     ARGUMENT

As discussed in the R&R, since this litigation began Defendants have disposed or encumbered assets totaling over $430,000, including the sale of one of their restaurants and a mortgage line of credit on their family home.  *See id.* at 10-17.  Judge Pitman found that both of these transfers were done with the intent to frustrate a judgment in this action.  *Id.*  To prevent the further dissipation or encumbrance of Defendants' assets during the time in which Defendants object to the R&R and this Court considers those objections, Plaintiffs hereby move for: (1) a temporary restraining order prohibiting the transfer of any of the Defendants' assets while this Court considers the R&R; and (2) leave to conduct immediate discovery to ascertain the location and amount of Defendants' assets.

Rule 64 of the Federal Rules of Civil Procedure permits federal litigants to seek "every remedy available that, under the law of the state where the [federal] court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a); *see also Capital Ventures Int'l v. Rep. of Arg.*, 443 F.3d 214, 218-19 (2d Cir. 2006).  One of those remedies available under New York State law is the attachment of assets.  *See* N.Y. C.P.L.R. § 6212(a).  In addition to the remedy of attachment, New York law also permits courts to grant, "[u]pon a motion on notice for an order of attachment," a temporary restraining order "prohibiting the transfer of assets." N.Y. C.P.L.R. § 6210.  This remedy is also available to federal litigants via

Fed. R. Civ. P. 64.  *See Harbour Victoria Inv. Holdings Ltd v. Kabul Chawla*, No. 15-cv-3212 (LTS), 2015 U.S. Dist. LEXIS 104121, at *4 (S.D.N.Y. July 31, 2014); *Libancell S.A.L. v. Republic of Leb.*, No. 06-cv-2765 (HB), 2006 U.S. Dist. LEXIS 29442, at *15-16 (S.D.N.Y. May 16, 2006).

In the absence of a temporary restraining order and the immediate ability to discover Defendants' current assets, there is a significant risk that Defendants will further dispose of their remaining property and assets while this Court considers the R&R.  Judge Pitman has found in his thorough and well-reasoned R&R that Defendants have already acted with intent to frustrate a judgment in this matter and that Plaintiffs have satisfied their burden to obtain an order of attachment.  Now that it appears extremely likely that Defendants' remaining assets will be attached, Defendants have even more incentive to dispose of those assets before this Court enters a final order of attachment.  Currently, the only location of which Plaintiffs are aware that Defendants may have assets is in the TD Bank account of Basera Indian Cuisine Inc., from which they received their paychecks.  *See* Ex. A (Paycheck).  Plaintiffs respectfully request that Defendants be temporarily restrained from transferring assets from that account pending this Court's determination on Judge Pitman's R&R.  In addition, Plaintiffs respectfully request permission to conduct further immediate discovery of Defendants' remaining assets so that they may also be restrained.

## III.    CONCLUSION

Accordingly, Plaintiffs respectfully request that this Court issue an order: (1) temporarily restraining Defendants' assets until this Court issues a final decision on Judge Pitman's R&R; and (2) permitting Plaintiffs to conduct discovery to locate Defendants' assets subject to that

restraining order and/or the order of attachment.[1]  Plaintiffs are prepared to appear before the Court for a conference if so instructed by the Court.

Dated:  New York, New York
        May 17, 2018

>                                       Respectfully submitted,
>
>                                       By: /s/ *Lucas C. Buzzard*
>                                       D. Maimon Kirschenbaum
>                                       Lucas C. Buzzard
>                                       JOSEPH & KIRSCHENBAUM LLP
>                                       32 Broadway, Suite 601
>                                       New York, NY  10004
>                                       (212) 688-5640
>
>                                       *Attorneys for Plaintiffs*

---

[1] As discussed in Plaintiffs' memorandum of law in support of an order of attachment, if their motion is granted, Plaintiffs will provide an undertaking in an amount fixed by the Court as required by N.Y. C.P.L.R. § 6212(b).  *See* ECF No. 49, at 21.  Plaintiffs request an undertaking of $2,000, or 0.39% of Plaintiffs' requested attachment of $515,819, which is in line with the percentage amounts fixed by other courts.  *See id.* (citing cases).