UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Samuel Prabir, et al.,

            Plaintiffs,

      –v–

Bukhara Indian Cuisine, Inc., et al.,

            Defendants.

17-CV-3704 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On February 16, 2018, Plaintiffs moved to attach certain assets of Defendants pursuant to Federal Rule of Civil Procedure 64 and N.Y. C.P.L.R. § 6212. *See* Dkt. No. 45. The Court referred the motion to Magistrate Judge Henry B. Pitman, Dkt. No. 50, who held an evidentiary hearing on the motion on April 16-17, 2018.

On May 17, 2018, Judge Pitman issued a Report and Recommendation (R&R) to this Court, recommending that the Court grant Plaintiffs' motion for a pre-judgment order of attachment in the amount of $515,819.00. Dkt. No. 84. Among the R&R's findings was that Defendants have acted with "intent to encumber or dispose of their assets to avoid paying plaintiffs any damages" in this matter. *Id.* at 17-18. Objections to the R&R are due by May 31, 2018.

The same day the R&R issued, Plaintiffs moved the Court for a Temporary Restraining Order prohibiting the Defendants from transferring assets while the Court considers the R&R and for leave to conduct immediate discovery to ascertain the location and amount of Defendants' assets. Dkt. No. 86. The Court ordered Defendants to respond, Dkt. No. 88, and their opposition was filed on May 21, 2018. *See* Dkt. No. 95.

1

Under Federal Rule of Civil Procedure 64, Plaintiffs may seek "every remedy available that, under the law of the state where the [federal] court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a).  In New York, one of those remedies is the ability of a court "[u]pon a motion on notice for an order of attachment" to "grant a temporary restraining order prohibiting the transfer of assets by a garnishee." N.Y. C.P.L.R. § 6210.

Without passing judgment on the Report and Recommendation prior to the objections deadline, the Court finds sufficient evidence of a significant risk that Defendants will attempt to "further dispose of their remaining property and assets while this Court considers the R&R." Dkt. No. 87 at 3.  Given Defendants' incentive to evade attachment and their past actions, the imposition of a temporary restraint on Defendants' ability to transfer assets is warranted.

Defendants' opposition to the motion centers on its use of the identified TD Bank checking account for payroll, rent, and other operating costs of Basera Restaurant. Dkt. No. 95. In Defendants' telling, the restaurant will have to close its doors without the use of this account. *Id.*  If the restraint of an account with an approximate balance of $31,000 places such a heavy burden on Defendants, such a burden only further demonstrates the incentive Defendants have to transfer assets in the face of a potential attachment of over $500,000 in assets.

Accordingly, the Court hereby restrains Defendants' ability to transfer assets from the TD Bank Account identified in Plaintiffs' moving papers until the Court issues a final decision on the Report and Recommendation.  Plaintiffs may also conduct discovery to locate additional assets of the Defendants that may be subject to this restraining order.  The parties must confer within one (1) business day of this Order and must file a joint letter with the Court by May 25, 2018, proposing a schedule to govern this expedited and limited discovery.

Finally, as required under N.Y. C.P.L.R. 6212(b), Plaintiffs must give an undertaking of $2,000, a portion or all of which may be payable to the Defendants to cover their costs and damages should it be later determined that the Plaintiffs were not entitled to an attachment of the Defendants' property.

2

SO ORDERED.

Dated: May ___**23**___, 2018
New York, New York

ALISON J. NATHAN
United States District Judge