UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| Samuel Prabir, et al., |
| Plaintiffs, |
| –v– |
| Bukhara Indian Cuisine, Inc., et al., |
| Defendants. |

17-CV-3704 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On February 16, 2018, Plaintiffs moved to attach certain assets of Defendants pursuant to Federal Rule of Civil Procedure 64 and N.Y. C.P.L.R. § 6212. *See* Dkt. No. 45. The Court referred the motion to Magistrate Judge Henry B. Pitman, Dkt. No. 50, who held an evidentiary hearing on the motion on April 16-17, 2018.

On May 17, 2018, Judge Pitman issued a Report and Recommendation (R&R) to this Court, recommending that the Court grant Plaintiffs' motion for a pre-judgment order of attachment in the amount of $515,819.00. Dkt. No. 84. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties had until May 31, 2018 to file written objections with the Court. As of the date of this Order, the Court has yet to receive any written objections.

When no party has filed objections to the magistrate's R & R, the Court reviews it only for clear error. *See Gomez v. Brown,* 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009). "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed." *Courtney v. Colvin,* 13–cv–02884 (AJN), 2014 WL 129051, at *1 (S.D.N.Y. Jan. 14, 2014).

1

Having reviewed Judge Pitman's Report and Recommendation, the Court finds no clear error therein, and adopts the Report and Recommendation in its entirety.[1]

Accordingly, the Clerk of Court is respectfully directed to issue a pre-judgment order of attachment in the amount of $515,819.00.

This resolves Docket Number 45.

SO ORDERED.

Dated: June ___4___, 2018
      New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[1] Despite Judge Pitman's discussion of Renu Kumar's status as an "employer" under the Fair Labor Standards Act and New York Labor Law, *see* Dkt. No. 84, at 21-30, this Order should not be interpreted as disposing of Defendant Renu Kumar's motion for partial summary judgment on the grounds that she was not an "employer." *See* Dkt. Nos. 64-67. The Court will address the motion for partial summary judgment in due course.

2